UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY HAMMOND,

        Petitioner,

v.                                                                    CASE NO. 2:06-CV-15291
                                                                HONORABLE GEORGE CARAM STEEH
JAN TROMBLEY,                                           UNITED STATES DISTRICT JUDGE

_____/

**OPINION AND ORDER TRANSFERRING THE CASE TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

**I. Introduction**

Before the Court is petitioner's habeas corpus petition filed by retained counsel David J. Kramer, pursuant to 28 U.S.C. § 2254.  By his own admission, petitioner has previously filed a petition for a writ of habeas corpus challenging his 1988 conviction out of the Livingston County Circuit Court for first-degree premeditated murder.  Petitioner's previous habeas petition was denied by the U.S. District Court for the Western District of Michigan. *Hammond v. Withrow,* U.S.D.C. No. 92-CV-00203 (W.D. Mich. March 8, 1993)(Gibson, J.); *aff'd* 16 F. 3d 1219 (Table); 1994 WL 49546 (6th Cir. February 17, 1994); *cert. den.* 513 U.S. 816 (1994).  For the following reasons, the Court has concluded that it must transfer this case to the Court of Appeals.

## II. Discussion

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999)(Gadola, J.). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

In the present case, petitioner has previously filed a habeas petition with the federal courts. Although petitioner would not have been required to obtain a certificate of authorization following the dismissal of his second petition if it had been dismissed without prejudice on exhaustion grounds, *See Harris v. Stovall*,

22 F. Supp. 2d 659, 664 (E.D. Mich. 1998)(Tarnow, J.), petitioner's first habeas petition was dismissed on the merits. Petitioner's second habeas petition is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization. Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996)(Rosen, J.). Because this appears to be a second or successive habeas petition, it would be error for this Court to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because to do so in the absence of a certificate of authorization from the Sixth Circuit would impermissibly circumvent the AEDPA's gatekeeping provisions. *Corrao v. United States*, 152 F. 3d 188, 190-91 (2nd Cir. 1998); *See also Gonzalez v. United States,* 135 F. Supp. 2d 112, 121 (D. Mass. 2001).

### III.  Conclusion

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of

3

Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

.Dated:  December 4, 2006

                        S/George Caram Steeh
                        GEORGE CARAM STEEH
                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 4, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---

4